IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH B. COLE, a minor, by his Parents and Guardians, DAVID N. COLE and FRANCES P. COLE, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| BIG BEAVER FALLS AREA SCHOOL DISTRICT, | ) ) ) |
| Defendant. | ) |

Civil Action No. 08-776

Magistrate Judge Lenihan

Re: Doc. No. 18

**MEMORANDUM OPINION**

The above-captioned case involves a tragic accident involving minor Plaintiff Joseph B. Cole, whose fingers were severed when using a table saw in the Industrial Materials Classroom located within the Big Beaver Falls Area Senior High School.  Parents David N. Cole and Francis P. Cole bring this action on behalf of their minor son against the Big Beaver Falls Area School District pursuant to 42 U.S.C. § 1983 alleging a Fourteenth Amendment substantive due process violation pursuant to the state created danger theory of liability.

I.   PROCEDURAL HISTORY

On June 4, 2008, Plaintiffs David N. Cole and Frances P. Cole filed the above-captioned complaint on behalf of their minor son, Joseph B. Cole (hereinafter collectively referred to as "Plaintiff") against Defendant Big Beaver Falls Area School District (hereinafter "Defendant"or "Defendant School District").  (Doc. No. 1)  Defendant filed a Motion to Dismiss for Failure to

State a Claim upon Which Relief Can be Granted pursuant to Federal Rule of Civil Procedure 12(b)(6) on August 11, 2008.  (Doc. No. 6)  The Court granted Defendant's motion as it related to the "Special Relationship" theory of liability only, and provided Plaintiff with twenty (20) days to amend his Complaint "to set forth clearly-identified causes of action that both identify Plaintiff's legal theories and facts suggestive of the proscribed conduct alleged, in accordance with Bell Atlantic v. Twombly."  (Doc. No. 16 at 1).  Plaintiff filed his Amended Complaint on April 15, 2009.  (Doc. No. 17.)  Thereafter, Defendant filed the motion presently before the Court to Dismiss Plaintiffs' Amended Complaint for Failure to State a Claim upon Which Relief Can be Granted.  (Doc. No. 18.)

III.    FACTS

Plaintiff avers that on March 10, 2006, in the Industrial Materials Classroom of the Big Beaver Falls Area Senior High School, "through the actions [sic] the School District's employee and agent," the Materials Education Instructor directed Plaintiff to execute a particularly difficult cut using "a ten-inch arbor table saw on the four edges of the box portion of a table the Minor Plaintiff had constructed."  (Amended Complaint, Doc. No. 17 at ¶¶ 5-6, hereinafter "Doc. No. 17 at ¶ __".)  Plaintiff continues that "[i]n so directing the Minor Plaintiff to execute this cut, the School District also directed the removal of a guard on the saw blade, which guard was otherwise designed and intended to protect the Minor Plaintiff from injury."  (Doc. No. 17 at ¶ 7.)  While Plaintiff was executing the four different cuts that required several minutes each to complete, "the Materials Education Instructor walked away from the saw and ceased supervising the Minor Plaintiff."  (Doc. No. 17 at ¶¶ 8-9.)  Next Plaintiff alleges that "[i]n so directing the

Minor Plaintiff to execute the four cuts without the blade guard in place and absent any supervision by his instructor, the School District acted with deliberate indifference to the rights and personal safety of the Minor Plaintiff. . ..'' (Doc. No. 17 at ¶ 10.)  Finally, the Plaintiff avers that "[t]he School District, through its employee and agent, created the opportunity for harm which would otherwise not have existed had the School District not directed the cuts absent a blade guard and adequate supervision." (Doc. No. 17 at ¶ 11.)  Relatedly, Plaintiff continues as follows:

> [T]he School District placed the Minor Plaintiff in a dangerous position by:
>
> a. Instructing the minor-plaintiff to remove the guard from the saw blade.[sic]
> b. Directing the removal of the guard on the saw to protect Minor-Plaintiff and others using the saw for classes sponsored by the School District;
> c. Permitting minor-plaintiff and others similarly situated to utilize the table saw without a guard on the blade;
> d. The School District had notice, actual and/or constructive of the absence of the guard on the saw that this would create a dangerous condition and should have realized that it presented an unreasonable risk of harm to the students;
> e. Failing and neglecting to give due notice or warning to the minor-plaintiff or others of said hazardous, dangerous and unsafe condition;
> f. Failing to adequately inspect the table saw in order to discover the defect;
> g. Employing incompetent, inexperienced, unskilled and careless employees and in failing to exercise the proper supervision of its said employees with respect to the care and condition of the table saw;
> i.[sic]  Permitting negligent care, custody and control of the saw that created a dangerous condition;
> j. Instructing students to make cuts on the table saw when said saw lacked a blade guard that could be engaged during this particular cut or type of activity;
> k. Providing inexperienced or novice woodworking students with a table saw that lacked adequate safety devices.

(Doc. No. 17 at ¶ 11.)

In conclusion, Plaintiff alleges that his injuries "were the foreseeable result of the deliberate indifference of the School District as set forth above, which constitutes a state-created danger . . .." (Doc. No. 17 at ¶ 12.)

IV. LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). A complaint must be dismissed for failure to state a claim if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 (2007) (rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (May 18, 2009) (citing Twombly, 550 U.S. at 555-57). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556).

Recently, in Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. Aug. 18, 2009), the United States Court of Appeals for the Third Circuit discussed its decision in Phillips v. County of Allegheny, 515 F.3d 224, 232-33 (3d Cir. 2008) (construing Twombly in a civil rights context), and described how the Rule 12(b)(6) standard had changed in light of Twombly and Iqbal as follows:

> After Iqbal, it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949. To prevent dismissal, all civil complaints must now set out

> "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1948. The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. See id. at 1949-50; see also Twombly, 505 U.S. at 555, & n. 3.

Fowler, 578 F.3d at 210.

Thereafter, in light of Iqbal, the Fowler court set forth a two-prong test to be applied by the district courts in deciding motions to dismiss for failure to state a claim:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [Iqbal, 129 S. Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." Id. at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. See Phillips, 515 F.3d at 234-35. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Fowler, 578 F.3d at 210-11.

In its Memorandum in Support of Motion to Dismiss, Defendant argues that the Amended Complaint avers only that the Defendant School District is liable to Plaintiff in respondeat superior for the actions of the Materials Education Instructor, a theory that must fail as a matter of law pursuant to 42 U.S.C. § 1983 and Monell v. New York City Dep't of Social Servs., 436 U.S. 658 (1978).[1]  Plaintiff responds that his Amended Complaint comports with the requirements of Monell in "that the Materials Education Instructor was merely the casual [sic]

---

[1] Defendant also incorporates by reference its Motion to Dismiss the Complaint at Doc. No. 6.

conduit for the constitutional violation committed by those officials with policy-making responsibilities," relying on Fagan v. City of Vineland, 22 F.3d 1283 (1994).  Plaintiff relies heavily on the "no set of facts" standard that applied to federal complaints before Twombly.  See Doc. No. 20 at 5, 6.

IV.     ANALYSIS

Section 1983 of the Civil Rights Act provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . ..

42 U.S.C. § 1983.  To state a claim for relief under this provision, the Plaintiff must demonstrate that the conduct in the complaint was committed by a person or entity acting under color of state law and that such conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or the laws of the United States.  Piecknick v. Commonwealth of Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).  Section 1983 does not create rights; it simply provides a remedy for violations of those rights created by the United States Constitution or federal law. Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).

As acknowledged by Plaintiff in his Response to Defendant's 12(b)(6) Motion to Dismiss, he has instituted suit against Defendant "School [D]istrict only, not against any individual employee of the district." (Doc. No. 20 at 6.)  Plaintiff argues that it is the Defendant School District that created the danger that caused the harm, and that the issue on this motion to

dismiss "is whether a reasonable reading of the Amended Complaint compels the conclusion that the Plaintiffs can prove no set of facts entitling them to relief." (Doc. No. 20 at 6 (citing Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)).)

Plaintiff's argument is premised upon the legal standard applicable to motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) before the United States Supreme Court's decision in Twombly. As noted by the United States Court of Appeals for the Third Circuit in Fowler, "Iqbal [] provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints filed prior to Twombly." Fowler, 578 F.3d at 210 (citing Phillips, 515 F.3d at 232-33).[2] Applying the appropriate legal standard established in Twombly and its progeny, the Court must dismiss Plaintiff's Complaint with prejudice for failure to state a claim against the only defendant in this case, Big Beaver Falls Area School District.

First, the Court will separate the factual and legal elements of the claim set out in the Amended Complaint. The Court must accept all well-pleaded facts of Plaintiff's Amended Complaint as true, but it may disregard the legal conclusions. Next, the Court will consider whether the facts alleged in the Amended Complaint are sufficient to show that the Plaintiff has a "plausible claim for relief" as to the only defendant in this case, the School District. Fowler, 578 F.3d at 210-11 (citing Iqbal, 129 S. Ct. at 1949). In determining whether the facts alleged in the Amended Complaint show that the Plaintiff has a "plausible claim for relief," the Court will engage in "a context-specific task that requires [it] to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1949, quoted in, Fowler, 578 F.3d at 210-11.

---

[2] In its Memorandum Opinion of March 26, 2009, the Court set forth the new Twombly standard. (Doc. No. 15 at 3-4.)

In its March 26, 2009 Memorandum Opinion and Order, the Court granted Plaintiff leave to Amend the Complaint. The Court now turns to the Amended Complaint in light of Defendant's arguments in support of its motions to dismiss at Doc. Nos. 6 & 18.

A.   State Created Danger Theory

In Kneipp, the United States Court of Appeals for the Third Circuit relied on language in DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 201 (1989), to recognize that a plaintiff alleging a substantive due process violation pursuant to 42 U.S.C. § 1983 could proceed in accordance with a "state-created danger" theory where a state does play a part in the creation of the dangers faced by a private person, or where through its actions, the state renders the individual more vulnerable to them. Kneipp, 95 F.3d at 1205, 1211. In order to make out a state created danger claim, a plaintiff must aver facts concerning all of the following:

> 1) the harm ultimately caused was foreseeable and fairly direct;
>
> 2) a state actor acted with a degree of culpability that shocks the conscience;
>
> 3) a relationship between the state and the plaintiff existed such that the plaintiff was a foreseeable victim of the defendant's acts, or a member of a discrete class of persons subjected to the potential harm brought about by the state's actions, as opposed to a member of the public in general; and
>
> 4) a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all.

See Sanford v. Stiles, 456 F.3d 298, 304-05 (3d Cir. 2006) (quoting Bright v. Westmoreland County, 443 F.3d 276, 281 (3d Cir. 2006) (internal quotation marks and footnotes omitted)).

In the Court's Memorandum Opinion of March 26, 2009, the Court discussed in some detail the appropriate standard of culpability for due process violations in response to an

argument raised by Defendant School District, and concluded that Plaintiff must be afforded an opportunity to amend the Complaint in order "to more properly allege the standard of culpability required in a state-created danger case as it pertains to Defendant School District," citing Phillips, 515 F.3d at 228.  (March 26, 2009 Memorandum Opinion, Doc. No. 15 at 7-9, hereinafter "Doc. No. 15 at __".)  In examining Plaintiff's Amended Complaint, Plaintiff avers that "through the actions [of] the School District's employee and agent . . . , the Minor Plaintiff was directed to execute" the cut, and in so directing, "the School District acted with deliberate indifference to the rights and personal safety of the Minor Plaintiff."  (Doc. No. 17 at ¶¶ 6 & 10.)  Taking all of Plaintiff's factual averments as true, Plaintiff fails to allege actions of the Defendant School District itself that were deliberately indifferent to the rights of the Minor Plaintiff; Plaintiff avers only facts concerning the actions of the instructor employed by the Defendant.  Plaintiff further avers that "[t]he School District, through its employee and agent, created the opportunity for harm which would otherwise not have existed had the School District not directed the cuts absent a blade guard and adequate supervision."  (Doc. No. 17 at ¶ 11)(emphasis added by Court).  Again, this averment is directed to the actions of the Defendant's employee, rather than to any specific acts taken by the Defendant School District itself.  Plaintiff continues in the same paragraph that Defendant School District placed Plaintiff "in a dangerous position" in that it "had notice, actual and/or constructive, of the absence of the guard . . .." (Doc. No. 17 at ¶ 11(d).)  Again, other than a conclusory statement that Defendant "had notice, actual and/or constructive, of the absence of the guard," Plaintiff does not allege any facts concerning how, why, when or where Defendant would have obtained notice of the absence of the blade guard.  To the contrary, the Amended Complaint suggests that the Materials Education

9

Instructor removed the blade guard just prior to Minor Plaintiff's attempt to execute the difficult cut. (Doc. No. 17 at ¶¶ 6-7.) Clearly, Plaintiff has failed to alleged facts showing that he has a "plausible claim" as to whether Defendant School District was deliberately indifferent to Minor Plaintiff's safety as required by Twombly and its progeny.

Similarly, in its Memorandum Opinion of March 26, 2009, the Court discussed the fourth element of a state-created danger claim and whether the allegation of an "affirmative act" is required. (Doc. No. 15 at 9-10.) The Court concluded that "'[t]he dispositive factor appears to be whether the state has in some way placed the plaintiff in a dangerous position that was foreseeable, and not whether the act was more appropriately characterized as an affirmative act or omission.'" (Doc. No. 15 at 10)(quoting Morse v. Lower Merion School Dist., 132 F.3d 902, 915 (3d Cir. 1997)). The Amended Complaint does not set forth any facts that relate to the acts or omissions of Defendant School District and how it placed the Plaintiff in a dangerous position that was foreseeable, other than its employment of the Materials Education Instructor. See Morse, 132 F.3d at 915.

B. Municipal Liability

In Monell v. New York City Dep't of Social Servs., 436 U.S. 658 (1978), the United States Supreme Court held that municipalities and other local governmental units are "persons" subject to liability under 42 U.S.C. § 1983. In so ruling, however, the Court declared that municipal liability may not be premised on the mere fact that the governmental unit employed the offending official, that is, through application of the doctrine of respondeat superior. Instead, the Court concluded that a governmental unit may be liable under § 1983 only when its "policy

or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Monell, 436 U.S. at 694. The "official policy" requirement distinguishes acts of the municipality from acts of employees of the municipality, thereby limiting liability to action for which the municipality is actually responsible. Id.

In finding municipal liability pursuant to § 1983, the plaintiff must identify the policy, custom or practice of the municipal defendant that results in the constitutional violation. Id. at 690-91. A municipal policy is made when a decision-maker issues an official proclamation or decision. Pembaur v. City of Cincinnati, 475 U.S. 469, 481 (1986), quoted in, Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990). A custom or practice, however, may consist of a course of conduct so permanent and widespread that it has the force of law. Andrews, 895 F.2d at 1480. To establish municipal liability based upon a custom or practice, the plaintiff must demonstrate that the decision-maker had notice that a constitutional violation could occur and that the decision-maker acted with deliberate indifference to this risk. Berg v. County of Allegheny, 219 F.3d 261, 276 (3d Cir. 2000). Finally, Plaintiff must show a causal connection between the custom or policy and the violation of the constitutional right. Bielevicz v. Dubinon, 915 F.2d 845, 850-51 (3d Cir. 1990). That is, a plaintiff must demonstrate an "affirmative link" or "plausible nexus" between the custom or practice and the alleged constitutional deprivation. Bielevicz, 915 F.2d at 850-51. Municipal liability is not an alternate theory of liability; it is an additional hurdle that must be overcome by a plaintiff in establishing § 1983 liability of a municipality. See generally Sanford, 456 F.3d at 313-14; Kneipp, 95 F.3d at 1211-13; M.B. v. City of Philadelphia, 2003 WL 733879 *3-*8 (E.D. Pa. March 3, 2003).

Again, as to the only named Defendant, the averments of the Amended Complaint fail to

satisfy the requirements of Twombly and its progeny.  First, the Amended Complaint suggests that the Defendant School District's liability is premised upon the fact that it employed the Materials Education Instructor, that is, through the doctrine of respondeat superior.  See Doc. No. 17 at ¶¶ 6, 7, 9, 10, & 11.  Further, the averments of the Amended Complaint do not contain facts such that the School District should be found liable on the basis of an official school policy, and if so, what that official school policy is.  Likewise, if Plaintiff does not rely on the existence of an official policy as the cause of Plaintiff's alleged constitutional violation, Plaintiff does not aver facts suggesting the existence of a custom or practice so permanent and widespread, that it had the force of official policy.  See Andrews, 895 F.2d at 1480.  If pursuing a custom or practice theory, Plaintiff alleges no facts that a Defendant decision-maker had notice that the alleged constitutional violation could occur and that this decision-maker acted with deliberate indifference to this known risk, other than the conclusory assertion that Defendant "had notice, actual and/or constructive," of the absence of a blade guard.  (Doc. No. 17 at ¶ 11(d).)  See Berg, 219 F.3d at 276.

Plaintiff relies heavily on the following language in Fagan v. City of Vineland, 22 F.3d 1283 1292 (3d Cir. 1994):

> A finding of municipal liability does not depend automatically or necessarily on the liability of any police officer.  Even if an officer's actions caused death or injury, he can only be held liable under section 1983 and the Fourteenth Amendment if his conduct "shocks the conscience."  The fact that the officer's conduct may not meet that standard does not negate the injury suffered by the plaintiff as a result.  If it can be shown that the plaintiff suffered that injury, which amounts to deprivation of life or liberty, because the officer was following a city policy reflecting the city policymakers' deliberate indifference to constitutional rights, then the City is directly liable under section 1983 for causing a violation of the plaintiff's Fourteenth Amendment rights.  The pursuing police officer is merely the casual [sic] conduit for the constitutional violation committed by the City.

(Doc. No. 20 at 8 (quoting Fagan, 22 F.3d at 1292) (citation and footnote omitted) (emphasis added by Plaintiff)). The relevant issue in Fagan was whether a municipality could be held independently accountable for a Fourteenth Amendment substantive due process claim brought pursuant to § 1983 in a police pursuit case when none of the pursuing police officers were found to violate the Constitution. 22 F.3d at 1291. The court of appeals in Fagan was confronted with the general rule of law that a municipality cannot be held accountable pursuant to § 1983 when no individual officer violated the Constitution. Id.

Plaintiff argues that "the Materials Education Instructor was merely the casual[3] conduit for the constitutional violation committed by those officials with policy-making responsibilities . . .." (Doc. No. 20 at 8.) Consequently, Plaintiff appears to rely on Fagan to support his claim against the Defendant School District, even though he did not name the Materials Education Instructor as a party.

Subsequent to Fagan, the United States Court of Appeals for the Third Circuit has clearly stated that it "carefully confined Fagan to its facts: a substantive due process claim resulting from a police pursuit." Grazier v. City of Philadephia, 328 F.3d 120, 124 n. 5 (3d Cir. 2003). Therefore, Plaintiff's reliance on Fagan is misplaced. In addition, without averring facts relating to the Defendant School District beyond its employment of the Materials Education Instructor, Plaintiff cannot overcome the requirements of Twombly and its progeny. Therefore, Plaintiff's Amended Complaint must be dismissed with prejudice in its entirety.

---

[3]The quoted material from Fagan speaks of a pursuing police officer as merely the "causal conduit", and not a "casual conduit" as misquoted and subsequently argued by Plaintiff. Fagan, 22 F.3d at 1292; Doc. No. 20 at 8.

V.	CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss at Doc. No. 18 will be granted.

An appropriate order will follow.

By the Court:

Lisa Pupo Lenihan
United States Magistrate Judge

Dated: November 12, 2009

cc: All counsel of record
    Via electronic filing